UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 17-10138-WGY |
| | ) |
| 12. FLORIN HORNEA, | ) |
|    a/k/a "Nicusor Bonculescu," | ) |
|       Defendant. | ) |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**YOUNG, D.J.**

WHEREAS, on August 22, 2018, a federal grand jury sitting in the District of Massachusetts returned a multi-count Superseding Indictment,[1] charging defendant Florin Hornea, a/k/a "Nicusor Bonculescu," (the "Defendant"), and others, with Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity, in violation of 18 U.S.C. § 1962(d) (Count One); Conspiracy to Use Counterfeit Access Devices, in violation of 18 U.S.C. § 1029(b)(2) (Count Two); and Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2 (Counts Seventeen and Eighteen);[2]

WHEREAS, the Superseding Indictment included a RICO Criminal Forfeiture Allegation, pursuant to 18 U.S.C. § 1963, which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Indictment, of (a) all interests the Defendant has acquired or maintained, in violation of 18 U.S.C. § 1962, wherever located, and in whatever names held; (b) all interests in, securities of, claims against, or properties or contractual rights of any kind affording a source of influence

---

[1] The Superseding Indictment supplemented the original May 24, 2017 Indictment, and only included the following specific Counts from that Indictment: Counts One, Two, Three, Six, Fifteen, Sixteen, Seventeen, Eighteen, Twenty, and Twenty-One.

[2] The Defendant was not charged in the remaining counts of the Superseding Indictment.

over, any enterprise which the Defendant has established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962; and (c) all property constituting, and derived from, any proceeds which the Defendant obtained, directly and indirectly, from racketeering activity in violation of 18 U.S.C. § 1962;

WHEREAS, the Superseding Indictment also included an Access Device Forfeiture Allegation, pursuant to 18 U.S.C. §§ 1029(c)(1)(C) and 982(a)(2)(B), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts Two and Twenty of the Superseding Indictment, of (1) any personal property used or intended to be used, to commit the offense; and (2) any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of one or more of the offenses;[3]

WHEREAS, the Forfeiture Allegations of the Superseding Indictment also provided notice that, in the event that any property subject to forfeiture, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred or sold to, or deposited with, a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 18 U.S.C. § 1963(m), and 18 U.S.C. §§ 1029(c)(2) and 982(b)(1), both of which incorporate 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of such property identified above;

WHEREAS, on February 11, 2019, at a hearing pursuant to Rule 11 of the Federal Rules

---

[3] The Superseding Indictment also included a Money Laundering Forfeiture Allegation. However, the Money Laundering Forfeiture Allegation is not applicable to the Defendant.

2

of Criminal Procedure, the Defendant pled guilty to Counts One, Two, Seventeen, and Eighteen of the Superseding Indictment, pursuant to a written plea agreement signed by the Defendant on November 23, 2018;

WHEREAS, in Section 8 of the written plea agreement, the Defendant agreed that the assets to be forfeited specifically included, without limitation, a money judgment in the amount of $74,285.40 in United States currency;

WHEREAS, the Defendant admitted that the $74,285.40 in United States currency is subject to forfeiture on the grounds that it was equal to the amount of proceeds the Defendant derived from the offenses of the Superseding Indictment to which the Defendant pled guilty, and further, the Defendant agreed to consent to the entry of a forfeiture money judgment in the amount of $74,285.40 in United States currency;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on February 11, 2019, the United States is entitled to an Order of Forfeiture (Money Judgment) consisting of a personal money judgment against the Defendant, in the amount of $74,285.40 in United States currency, pursuant to 18 U.S.C. §§ 1963, 1029(c)(1)(C) and 982(a)(2)(B);

WHEREAS, the amount of $74,285.40 in United States currency constitutes proceeds the Defendant directly obtained as a result of violations of 18 U.S.C. §§ 1962(d) and 1029(b)(2); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $74,285.40 in United

States currency, pursuant to 18 U.S.C. §§ 1963, 1029(c)(1)(C) and 982(a)(2)(B).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to include substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

WILLIAM G. YOUNG
United States District Judge

Date: April 18, 2017